# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | |
| | Case No. 2:08 cv 0019 |
| v. | |
| AMERICAN SYSTEMS CONSULTING, INC., CLIFF A. GALLATIN, LOREE GALLATIN AND THE AMCI 401(k) PLAN, | Honorable George C. Smith |
| | Magistrate Judge Abel |
| Defendants. | |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the Secretary), by counsel, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001 et seq., has filed her Complaint against Defendants American Systems Consulting, Inc. ("ASCI"), Cliff A. Gallatin, Loree Gallatin, and the ASCI 401(k) Plan ( "Plan") as a necessary party, alleging that ASCI, Cliff A. Gallatin and Loree Gallatin ("Defendants") breached their fiduciary obligations under ERISA Sections 403(c)(1), 404(a)(1)(A), 406(a)(1)(D), and 406(b)(1) and (2), 29 U.S.C. Sections 1103 (c)(1), 1104(a)(1)(A), 1106(a)(1)(D), and 1106(b)(1) and (b)(2), with respect to their failure to timely remit and to remit employees' contributions and loan repayments to the Plan and instead retained them in ASCI's corporate account and their failure to purchase an adequate fidelity bond in violation of ERISA Sections 412(a) and (b), 29 U.S.C. Sections 412(a) and (b).

Defendants have waived service of process, answer to the complaint, and admit to the jurisdiction of this Court over them and the subject matter of this action. The Plaintiff and the Defendants have agreed that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this case, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

The Plaintiff and Defendants have resolved all matters as alleged in the Complaint, and said parties do now consent to entry of a Consent Order and Judgment by this Court.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. As a result Defendants' failure to forward employee contributions and loan repayments to the Plan of $99,750.54 plus $20,835.88 in lost opportunity costs computed as of June 3, 2008, a total of $120,586.42 was owed to the Plan. Deducting contributions due Defendants, the adjusted amount due the Plan was $100,860.51.

2. Defendants have paid restitution in the sum of $100,860.51 due the Plan for reallocation to the other Plan participants owed payment.

3. ASCI, Cliff Gallatin and Loree Gallatin have resigned as fiduciaries of the Plan.

4. Larry Lefoldt is appointed the independent fiduciary of the Plan to administer and terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute its assets to the participants and beneficiaries, and conclude any Plan-related matters connected with the proper termination of the Plan.

5. The independent fiduciary shall have and shall exercise full authority and control with respect to the management and/or disposition of the assets of the Plan.

6.  In the event that any participant who is eligible to have money credited to such participant's individual Plan account has already received a full distribution of the account balance prior to the date of entry of this Consent Order and Judgment, the independent fiduciary shall notify such participant of the additional amount to which the participant is entitled under the Consent Order and Judgment and provide the participant with the option of rolling the additional distribution into another pension plan or taking a lump sum distribution in this amount. The independent fiduciary shall provide each individual with 30 days in which to respond to this notice and then shall make distributions to the participants in accordance with their requests.

7.  Upon completion of payment to the participants' Plan accounts, the independent fiduciary shall terminate the Plan consistent with the Plan's governing documents, ERISA, and the Internal Revenue Code, including the filing of necessary Form(s) 5500, *Annual Return/Report of Employee Benefit Plan*, and will conclude any plan-related matters associated with the proper termination of the Plan.

8.  The appointment of independent fiduciary shall terminate upon the first to occur of: a) the liquidation and distribution of Plan assets and the completion of all related tasks, b) removal by the Court; or c) his resignation after finding an acceptable replacement, agreed to by the Secretary and the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed.

9.  Payment of independent fiduciary fees and expenses shall be made by the Plan up to $4,798.00. Any additional fees and expenses shall be paid after approval by the court. The process for seeking payment of fees and expenses shall be the independent fiduciary presents to the court an itemized fee application, including hourly rates of pay, and dates and hours of work,

accompanied by a description of the work performed, as well as an itemized statement of expenses. The independent fiduciary shall provide to the EBSA Regional Director a copy of said fee application when it is filed with the court and EBSA shall have fifteen business days to object to the fee application. The court shall decide whether the independent fiduciary's fee/expense request should be granted.

10. Defendants ASCI and Cliff A. Gallatin are permanently enjoined and restrained from violating the provisions of Title 1 of ERISA, 29 U.S.C. Sec.1001 et seq.

11. Defendants ASCI, Cliff A. Gallatin and Loree Gallatin are permanently barred from serving as fiduciaries or service providers to any ERISA-covered employee benefit plan.

12. Each party shall bear his, her, or its own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act as amended.

13. Loree Gallatin is hereby dismissed from this action.

14. The court shall maintain jurisdiction over this matter for purposes of enforcing this Consent Order and Judgment.

15. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

The undersigned apply for and consent to the entry of the above Consent Order and Judgment:

FOR THE DEFENDANTS:

**AMERICAN SYSTEMS CONSULTING, INC.**

  s/Cliff A. Gallatin, President
**BY CLIFF A. GALLATIN,**　　　　　　　　　　DATED:　June 13　, 2008
   President

  s/Cliff A. Gallatin
**CLIFF A. GALLATIN**　　　　　　　　　　　　DATED:　June 19　, 2008

FOR THE PLAINTIFF:

**GREGORY F. JACOB**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

  s/Phyllis B. Dolinko
**PHYLLIS B. DOLINKO**　　　　　　　　　　　DATED:　June 25　, 2008
Senior Trial Attorney

Attorneys for Elaine L. Chao
Secretary of Labor, United States
Department of Labor, Plaintiff

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone:  (312) 353-6973